IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Allan Lee Hawkins, | ) | Case No. 8:14-cv-04370-JMC-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 21.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on November 6, 2014.[1]  [Doc. 1.]  On March 3, 2015, Respondent filed a motion for summary judgment and a return and memorandum.  [Docs. 21, 22.]  On the same day, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion.  [Doc. 23.]  Petitioner filed a response in opposition on April 6, 2015.  [Doc. 31.]

_____

[1]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, this action was filed on November 6, 2014.  [Doc. 1-2 at 2 (envelope marked as received by prison mailroom on November 6, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Greenville County.  [Doc. 1 at 1.]  Petitioner was indicted in April 2006 for murder, armed robbery, and possession of a weapon during the commission of or the attempt to commit a violent crime.  [App. 667–70.[2]]  On January 14–17, 2008, represented by Mills Ariail ("Ariail") and Paul Landis, Petitioner proceeded to trial.[3]  [App. 1–605.]  At the conclusion of the trial, the jury returned a verdict of guilty on all charges.  [App. 592.]  Petitioner was sentenced to five years imprisonment for the charge of possession of a weapon during the commission of a violent crime, 10 years for the armed robbery charge, and 30 years for the murder charge, all to run concurrent.  [App. 603; Doc. 1 at 1.]

**Direct Appeal**

Petitioner appealed his conviction. Joseph L. Savitz ("Savitz") of the South Carolina Commission on Indigent Defense filed an *Anders*[4] brief on Petitioner's behalf, dated June 16, 2009, in the South Carolina Court of Appeals, raising the following issue:

---

[2]The Appendix can be found at Docket Entry Numbers 22-1 through 22-3.

[3]Petitioner was represented by two attorneys at trial [App. 3]; however, it appears he alleges only Ariail was ineffective [*see* Doc. 1-3 at 63 (listing Ariail as his attorney in the Petition).]

[4]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

> The trial judge committed reversible error by refusing to instruct the jury specifically that "the use of a weapon does not automatically preclude self-defense."

[Doc. 22-7 at 4.] At the same time, Savitz filed a petition to be relieved as counsel. [*Id.* at 8–9.] Petitioner wrote a letter, dated December 29, 2009, requesting that his case be reviewed in light of the decision "in the 'Johnny Rufus Belcher' case." [Doc. 22-9.] On January 28, 2010, the South Carolina Court of Appeals denied and dismissed Petitioner's appeal and granted counsel's motion to be relieved. [Doc. 22-10.] Petitioner filed a pro se petition for rehearing dated February 3, 2010 [Doc. 22-11], and the petition for rehearing was denied on March 18, 2010 [Doc. 22-12]. On April 16, 2010, Petitioner filed a pro se petition for writ of certiorari [Doc. 22-13], and the Supreme Court of South Carolina denied the petition on April 21, 2010 [Doc. 22-14]. Remittitur was issued on April 22, 2010. [Doc. 22-15.]

**PCR Application**

Petitioner filed a pro se application for post-conviction relief ("PCR"), dated May 4, 2010. [App. 607–15.] In an attachment to the application, Petitioner alleged he was being held in custody unlawfully based on the following grounds:

(a)    Ineffective Assistance of Counsel.

(b)    Ineffective Assistance of Counsel.

(c)    Ineffective Assistance of Counsel.

(d)    Ineffective Assistance of Counsel

(e)    Ineffective Assistance of Appellate Counsel

[App. 613.] In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

3

(a)    Ineffective Assistance of Counsel for failing to object to erroneous malice instruction.

(b)    Ineffective Assistance of Counsel for failing to ask for manslaughter charge after jury asked if they could deliberate on a lesser charge.

(c)    Ineffective Assistance of Counsel for failing to ask for a mistrial after consecutive hung jury statements.

(d)    Ineffective Assistance of Counsel for failing to object when my due process rights were violated when the trial Judge refused to give the jury the option of deliberating on a lesser offense of manslaughter.

(e)    Ineffective Assistance of Appellate Counsel for failing to raise and brief the preserved felony question that swayed the decision of the jury.

[*Id*.]  The State filed a return, dated September 15, 2010.  [App. 616–21.]

A hearing was held on August 2, 2011, at which Petitioner was represented by Hal W. Roach.  [App. 622–58.]  An order denying and dismissing the PCR application with prejudice was filed by the PCR court on August 24, 2011.  [App. 659–66.]

A notice of appeal was timely filed.  David Alexander of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a *Johnson*[5] petition for writ of certiorari, dated May 30, 2012, in the Supreme Court of South Carolina asserting the following as the sole issue presented:

Whether petitioner's Sixth Amendment rights were violated because trial counsel was ineffective in failing to ask for a mistrial after the jury stated twice that they could not reach a decision on a murder conviction?

_____

[5]A *Johnson* petition is the state PCR appeal analogue to an *Anders* brief, and effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988)

[Doc. 22-17 at 3.] At the same time, counsel filed a petition to be relieved. [*Id*. at 10.] On June 28, 2012, Petitioner filed a pro se petition for writ of certiorari, raising the following issues quoted substantially verbatim:

I.      Whether petitioner's Sixth Amendment rights were violated because trial counsel was ineffective for failing to object to erroneous malice instruction?

II.     Whether petitioner's Sixth Amendment rights were violated because trial counsel was ineffective for failing to ask for a manslaughter charge before trial began and after jury asked if they could deliberate on a lesser charge because they did not feel they could reach a verdict on the murder charge?

III.    Whether petitioner's Sixth Amendment rights were violated because trial counsel was ineffective for failing to ask for a mistrial after the jury stated on three separate occasions that they could not reach a verdict on the murder conviction?

[Doc. 22-19.] The Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals, and the Court of Appeals denied the petition and granted counsel's request to withdraw on March 6, 2014 [Doc. 22-20] and remitted the matter to the lower court on March 24, 2014 [Doc. 22-21].

**Petition for Writ of Habeas Corpus**

As previously stated, Petitioner filed his first Petition on November 6, 2014.[6] [Doc. 1.]  In his Petition, Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One**: Erroneous jury instruction by Trial Judge.  See attached Anders Brief.

*Supporting Facts*: See attached Anders Brief

**Ground Two**: Ineffective Assistance of Counsel.  See Attachments from pg. 4 &pg. 5 (PCR)

*Supporting Facts*: Petitioner testified that he and Mr. Gilbert were in a physical altercation when shooting occurred.  Petitioner stated during the altercation, Mr. Gilbert grabbed his gun, the petitioner then pulled his weapon and fired a shot.  See attachments from pg. 4 & 5 (PCR)

Because Petitioner's references his PCR application, the Court construes Petitioner's brief as raising the following issues, raised in his PCR application:

**Ground Two(a)**: Ineffective Assistance of Counsel for failing to object to erroneous malice instruction.

**Ground Two(b)**: Ineffective Assistance of Counsel for failing to ask for manslaughter charge after the jury asked if they could deliberate on a lesser charge.

**Ground Two(c)**: Ineffective Assistance of Counsel for failing to ask for a mistrial after consecutive hung jury statements.

_____

[6]Petitioner first filed this action on November 6, 2014, and in the Petition, he stated "See Attached Anders Brief" as his only grounds.  [Doc. 1 at 5.]  Petitioner did not attach any documentation to this filing.  On December 2, 2014, pursuant to a Proper Form Order Petitioner filed additional attachments, including a "Petition on court form."  [Doc. 1-3.]  Accordingly, the Court will refer to this filing in determining Petitioner's grounds for relief.

> **Ground Two(d):** Ineffective Assistance of Counsel for failing to object when my due process rights were violated when the trial Judge refused to give the jury the option of deliberating on a lesser offense of manslaughter.
>
> **Ground Two(e):** Ineffective Assistance of Appellate Counsel for failing to raise and brief the preserved felony question that swayed the decision of the jury.

[Doc. 1-3.[7]]

As stated, on March 3, 2015, Respondent filed a motion for summary judgment. [Doc. 21.]  On April 6, 2015, Petitioner filed a response in opposition.   [Doc. 31.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

---

[7]Petitioner also attaches his pro se petition for writ of certiorari [Doc. 1-3 at 17–30]; however, because he does not reference these grounds in his Petition and these allegations are identical to Grounds Two(a), (b), and (c).  Accordingly, the Court will not refer to these as separate grounds.

prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's

8

position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56© has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

9

U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*
134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas
corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that
court concludes in its independent judgment that the relevant state-court decision applied
clearly established federal law erroneously or incorrectly.  Rather, that application must
also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's
determination that a claim lacks merit precludes federal habeas relief so long as
'fairminded jurists could disagree' on the correctness of the state court's decision," and
"even a strong case for relief does not mean the state court's contrary conclusion was
unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court
factual determinations are presumed to be correct, and the petitioner has the burden of
rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28
U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the
Constitution or laws or treaties of the United States" and requires that a petitioner present
his claim to the state's highest court with authority to decide the issue before the federal
court will consider the claim.  *Id.*  The separate but related theories of exhaustion and

procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

    (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B)    (I) there is an absence of available State corrective process; or

            (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

11

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the Supreme Court of South Carolina. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[8] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if

---

[8]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the Supreme Court of South Carolina is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the Supreme Court of South Carolina] in criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the Supreme Court of South Carolina's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state

13

remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533

14

(quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule,

15

or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

As an initial matter, in Petitioner's response in opposition to the motion for summary judgment, Petitioner stipulates that Grounds 2(b) and (d) are essentially the same claim and need not be discussed separately and explicitly withdraws Ground Two(e). [Doc. 31 at 7.] Accordingly, the Court will address Grounds One, Two(a), Two(b), and Two(c).

**Non-Cognizable Claim**

In Ground One, Petitioner alleges that the trial court improperly instructed the jury on malice. [Doc. 1-3 at 32.] This is an issue of state law, and "[i]t is not the province of a

16

federal habeas court to re-examine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68 ("federal habeas corpus relief does not lie for errors of state law"). Even if the instruction was erroneous, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (citations omitted), cert. denied, 522 U.S. 1109 (1998). Because Ground One does not raise a constitutional issue, it is not cognizable on federal habeas review.

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407–08; *see also Richter*, 131 S.Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

### *Ground Two(a)*

In Ground Two(a), Petitioner argues Ariail was ineffective in failing to object to the trial court's malice instruction.  [Doc. 1-3 at 9.]  The Court concludes Petitioner is not entitled to federal habeas corpus relief based upon this allegation.

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s

18

standard."[9]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself."  *Id.*; *see also  Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas").   Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent.  *Id.*

Here, the PCR court addressed Ariail's performance under the standard set forth in *Strickland*.  [App. 661.]  The PCR court found,

> the Applicant failed to meet his burden of proving trial counsel
> should have objected to the trial judge's jury instruction
> regarding malice.  At the time of the Applicant's trial, this was

---

[9]In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689.

> a proper instruction.  More than twenty (20) months later, the
> South Carolina Supreme Court found this instruction was
> improper.  State v. Belcher, 385 S.C. 597, 685 S.E.2d 802
> (2009).  The South Carolina Supreme Court has long held that
> counsel cannot be expected to be clairvoyant about such
> changes in the law.  See State v. Gilmore, 314 S.C. 435, 445
> S.E.2d 454 (1994).  As such, there was no error in trial counsel
> failing to object to the malice instruction.  Further, this Court
> notes Belcher was decided thee (3) months before the
> Applicant's appeal was dismissed and, while the Applicant
> raised this applicability of Belcher in his pro se :Notice of
> Reconsideration of Appeal" at the South Carolina Court of
> Appeals, that petition was denied.

[*Id.* at 663 (citation omitted).]  The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.  The PCR court concluded that Petitioner failed to establish that Ariail's representation fell below an objectively reasonable standard or any resulting prejudice. [App. 664.]

The record supports the PCR court's determination.  At the PCR hearing, Ariail testified that, at trial, he believed the malice instruction was consistent with the law at the time and that he would have objected if he thought there was an issue with the instruction. [App. 643–44.] Moreover, in *State v. Belcher,* 685 S.E.2d 802 (S.C. 2009), the Supreme Court of South Carolina specifically limited retroactive application to state convictions that preserve the issue for review.  *Belcher*, 685 S.E.2d at 810 ("Because our decision represents a clear break from our modern precedent, today's ruling is effective in this case

20

and for all cases which are pending on direct review or not yet final where the issue is preserved."). The record shows that Ariail did not object to the malice instruction at trial; accordingly, the issue was not preserved for appellate review. *See State v. Dunbar*, 587 S.E.2d 691, 693–94 (S.C. 2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *see also Henry v. Warden of McCormick Corr. Inst.*, No. CV 1:14-4343-BHH-SVH, 2015 WL 7769459, at *7 (D.S.C. Nov. 5, 2015) *report and recommendation adopted*, 2015 WL 7776898 (D.S.C. Dec. 1, 2015) ("The court also notes that while Belcher was decided during the pendency of Petitioner's direct appeal, Petitioner could not have challenged the inferred malice instruction on direct appeal because the issue was not raised at Petitioner's trial, and therefore, it was not preserved for appellate review." (citing *Belcher*, 685 S.E.2d at 810)). Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

### Ground Two(b)

In Ground Two(b), Petitioner argues Ariail was ineffective for failing to ask for a manslaughter charge after the jury had asked if they could deliberate on a lesser charge. [Doc. 1-3 at 9.] The Court finds Petitioner is not entitled to federal habeas relief with respect to this claim.

As previously stated, the PCR court addressed Ariail's performance under the standard set forth in *Strickland*. [App. 663.] The PCR court found

21

the Applicant failed to meet his burden of proving trial counsel should have requested a jury charge for the lesser-included offense of voluntary manslaughter. Trial counsel testified the defense strategy was for all-or-nothing and that either the jury would accept the self-defense argument or they would not. Trial counsel also testified this matter was discussed with the Applicant, who agreed to proceed with only a jury charge of murder. This Court finds trial counsel is credible an that he articulated a valid strategic decision why he did not request a manslaughter charge.[10][App. 664 (citations omitted) (footnote in original).] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded Petitioner failed to establish both that Ariail had not rendered reasonable effective assistance under prevailing professional norms and that Petitioner was prejudiced as a result of his representation. [App. 664.]

Further, the record supports the PCR court's determination. Petitioner testified at the PCR hearing that Ariail had not discussed with him whether to ask for an instruction on

---

[10]The trial judge even noted that both the State and the defense had made strategic decisions not to request the lesser-included charge of voluntary manslaughter.

a lesser-included offense. [App. 633.] However, Ariail stated that he believed not asking

for an instruction on a lesser-included offense was "the strongest theory that we had" and

that he and Petitioner agreed upon this strategy. [App. 646.] The PCR court found Ariail's

testimony was credible and Petitioner's testimony was not credible. [App. 663.] This

finding is entitled to deference. *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or

a federal habeas court to overturn a state court's credibility judgments, the state court's

error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))). Moreover, courts have held

that the decision not to ask for an instruction on a lesser-included offense may be a sound

trial strategy. *See United States v. Estrada-Fernandez*, 150 F.3d 491, 496 (5th Cir. 1998).

Thus, the PCR court's decision was not contrary to or an unreasonable application of

applicable Supreme Court precedent. *See Strickland*, 466 U.S. at 689 ("A fair assessment

of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and

to evaluate the conduct from counsel's perspective at the time. Because of the difficulties

inherent in making the evaluation, a court must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged

action 'might be considered sound trial strategy.' There are countless ways to provide

effective assistance in any given case. Even the best criminal defense attorneys would not

defend a particular client in the same way." (Internal citation omitted)). Accordingly,

Petitioner is not entitled to habeas corpus relief on this ground.

### Ground Two(c)

In Ground Two(c) Petitioner alleges that Ariail was ineffective for failing to ask for a mistrial after consecutive hung jury statements. [Doc. 1-3 at 9.] The Court finds Petitioner is not entitled to federal habeas relief on this ground.

As previously stated, the PCR court addressed Ariail's performance under the standard set forth in *Strickland*. [App. 663.] The PCR court found

> the Applicant failed to meet his burden of proving trial counsel should have moved for a mistrial. After the jury had deliberated several hours and sent numerous notes to the trial judge, the jury's sixth note stated they were "still hung, maybe irreparably so at this time." The trial judge asked each party if they preferred a mistrial or further jury instructions. Trial counsel stated he preferred further instructions. Trial counsel testified he made this decision after speaking to the Applicant and that the Applicant remained strong in his opinion that this jury should decide the case. This Court finds trial counsel's testimony is credible and notes that the Applicant did not object when trial counsel elected for further jury instructions. This Court finds the Applicant failed to prove trial counsel erred in making this choice, especially as it was at Applicant's direction.

[App. 664–65 (citations omitted).] The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. The PCR court concluded Petitioner failed to establish both that Ariail had not rendered reasonable effective assistance under prevailing professional norms and that Petitioner was prejudiced as a result of his representation. [App. 664.]

24

Further, the record supports the PCR court's determination. Ariail testified at the PCR hearing that he discussed with Petitioner whether to ask for a mistrial or proceed, and Petitioner told him that he wanted to wait for a decision. [App. 647–48.] Ariail also stated that he believed Petitioner had "the strongest case for a not guilty at that time, based upon the jury being held out as long as they were." [App. 647.] Thus, the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. *See Strickland*, 466 U.S. at 689. Accordingly, Petitioner is not entitled to habeas corpus relief on this ground.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 20, 2016
Greenville, South Carolina